PLOTKIN, Judge,
dissents with reasons.
The only question raised in this appeal is the inadequate quantum awarded to the plaintiff Dyer. The majority erroneously affirms the trial award which only reimburses the plaintiff for burns to his lower leg, although the evidence is uncontradict-ed, unrebutted and unimpeached that the plaintiff also sustained a neck injury.
Dr. Kenneth Addato, who examined Dyer on May 22, 1986, was the only physician to testify. The plaintiff complained of neck pain, headaches and weakness in the left hand. The doctor’s physical examination revealed cervical spine muscle spasm and scoliosis, accompanied by a limited range of motion. He opined that Dyer sustained a cervical syndrome injury and leg bums caused by the May 14, 1986 accident. He recommend conservative treatment, including pain medication and heat to the neck area.
Plaintiff returned to the doctor June 10, 1986, complaining of increased headaches and neck pain. Examination revealed neck spasm and limited neck motion. A CAT Scan was recommended.
On June 16, 1986, the plaintiff continued to suffer from headaches and neck pain. An examination on July 10, 1986, indicated that the neck was unchanged.
He was re-examined on October 28,1986, November 24, 1986 and last seen before *630 trial on January 12, 1987. On each occasion his neck discomfort persisted. At the time of trial, he was under the active care of his treating physician, who recommended additional tests to determine whether a cervical disc injury had occurred.
The plaintiff confirmed and corroborated the testmony of the medical expert witness. The defendant did not introduce any evidence, medical or lay, to disprove that Dyer’s contention that he received a cervical syndrome injury.
The Supreme Court set out the following standard for appellate review of the amount of a damage award in Reck v. Stevens, 373 So.2d 498, 501 (La.1979):
Before a trial court award may be questioned as inadequate or excessive, the reviewing court must look first, not to prior awards, but to the individual circumstances of the present case. Only after analysis of the facts and circumstances peculiar to this case and this individual may a reviewing court determine that the award is excessive.
A review of the record in the instant case reveals the plaintiff is entitled to an additional award of $5000.00 for his cervical injury and all the medical expenses associated therewith.